**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION AT COVINGTON**

| | |
|---|---|
| **NORMAN HUSAR**, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>    v.<br><br>**DOLLAR GENERAL CORPORATION**<br><br>and<br><br>**DOLGENCORP, LLP**,<br><br>        Defendants. | **Case No.: 2:23-cv-00002-DLB-CJS**<br><br>**JUDGE: DAVID L. BUNNING**<br><br><br>**DOLLAR GENERAL CORPORATION AND DOLGENCORP, LLC'S MOTION TO SEAL A PORTION OF EXHIBIT 3 IN SUPPORT OF THEIR NOTICE OF REMOVAL** |

Pursuant to Federal Rule of Civil Procedure 5.2, Local Rule 5.7, and Paragraph 8 of Joint General Order 21-01 of the United States District Court for the Eastern and Western Districts of Kentucky, Defendants Dollar General Corporation and Dolgencorp, LLC move the Court to seal a portion of Exhibit 3 in support of Defendants' Notice of Removal. That Exhibit 3 is attached as Exhibit 1 to this Motion. In support of this Motion, Defendants state as follows:

(1)     On January 5, 2023, Defendants removed this putative class action to federal court by way of filing a Notice of Removal.

(2)     In support of that Notice of Removal, Defendants referenced an Exhibit 3 which contained confidential sales data. This confidential sales data is used in support of establishing that the amount in controversy exceeds $5,000,000, thereby establishing subject matter jurisdiction under the Class Action Fairness Act.

(3)     Defendants have determined that two parts of Exhibit 3 to Defendants' Notice of Removal should be filed under seal. This document contains confidential, commercially sensitive

- 1 -

information to Defendants, specifically, sales data about the number of products sold and the retail value of those sales for a particular market during a very recent time period.  *See, e.g., Rudd Equip. Co., Inc. v. Volvo Constr. Equip. N. Am., LLC*, 2021 WL 2301937, *11 (W.D. Ky. June 4, 2021) (granting motion to seal numerical values in a linear chart of defendant's "net sales"); *United States ex rel. Scott v. Humana, Inc.*, 2019 WL 5748523, *4 (W.D. Ky. Nov. 5, 2019) (granting motion to seal "information that could harm [defendant's] competitive standing in the marketplace because they revealed detailed numerical calculations regarding . . . profit margins that can be used by competitors to undercut [defendant's] business position in the . . . marketplace").  Moreover, the public will be able to understand the events giving rise to the dispute and the arguments made for and against removal without access to the specific sales figures.

(4)     Defendants specifically request that the Court grant leave to file under seal the retail sales dollar figure and the units of merchandise sold figure set forth in paragraph 2 of Exhibit 3 to the Notice of Removal.  Given this limited sealing request, the seal is narrowly tailored.  Dollar General does not seek to seal the Notice of Removal, or the entirety of Exhibit 3—just, simply, the figures that identify retail sales and units sold.

(5)     The unsealed Exhibit should be viewed by Plaintiff's attorneys only, pending further orders from this Court concerning the Exhibit.

WHEREFORE, Defendants respectfully request that the Court enter an Order sealing the above-referenced figures in Exhibit 3 to the Notice of Removal filed in this matter.

Respectfully submitted,

*/s/ Kimberly E. Ramundo*
Kimberly E. Ramundo (89552)
THOMPSON HINE LLP
312 Walnut Street, Suite 2000
Cincinnati, OH 45202
Telephone: (513) 352-6656

- 2 -

- 3 -

Facsimile: (513) 241-4771
Kim.Ramundo@ThompsonHine.com

*Attorney for Defendants*

- 3 -

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was served on January 5, 2023 via the

Court's ECF filing system on all parties registered to receive electronic notice thereby and via

U.S. Mail, postage prepaid, on the following:

Brian D. Flick, Esq.
DannLaw
15000 Madison Ave.
Lakewood, OH 44107
Attorney for Plaintiff

/s/ Kimberly E. Ramundo
Kimberly E. Ramundo (89552)

- 4 -